IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02580-BNB (Removal From the District Court of Gunnison
County, Colorado, Case No. 2012cv139)

PNC BANK N.A.,

       Plaintiff,

v.

FRED SALAS,

       Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Fred Salas has filed a Notice of Removal. This case involves a proceeding brought against him by PNC pursuant to Colo. R. Civ. P. 120. PNC has sought an authorized public trustee sale of Mr. Salas's property on the grounds that he is in default. Mr. Salas alleges that the sale violates his due process rights and he seeks a writ of mandamus from this Court to enjoin any foreclosure of his property in Crested Butte, Colorado.

The Court must construe the Notice of Removal liberally because Mr. Salas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be remanded to the state court.

The court in *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591 at *2 (D. Colo. May 7, 2007), described the Colorado real estate foreclosure process as follows:

In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the count where the property is situate.  Foreclosure of such liens is a hybrid process governed by statute.  The process involves issuance of orders by the state district court authorizing and confirming the [foreclosure] sale.  C.R.C.P. 120; C.R .S. § 38-38-105.  However, the process of conducting the sale and parties' rights in such process are largely administrative.

Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale. C.R.S. § 38-38-101(1).  The lender must also seek an order from the state district court authorizing the sale under Rule 120. (footnote omitted). Once a sale is authorized, the public trustee advertises and conducts the sale. C.R.S. § 38-38-101(4).  The property is sold to the highest bidder who receives a Certificate of Purchase.  Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.

Prior to sale, the borrower may cure the default.  After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges.  *See* C.R.S. § 38-38-101 to § 38-38-103. Redemption thus annuls the sale.  If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

By filing his Notice of Removal, Mr. Salas has attempted to remove the Rule 120 proceeding to this Court.  Mr. Salas asserts jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R. Civ. P. 11.  He also asserts a Fair Debt Collection Practices Act violation and the taking of property without due process by a party that is not the real party in interest in the Rule 120 proceeding

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such

defendant or defendants in such action."  28 U.S.C. § 1446(a).  "The removing party

has the burden to demonstrate the appropriateness of removal from state to federal

court."  *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

The Court has reviewed the Notice of Removal and finds that it is deficient for the

following reasons.  First, the underlying state court action is a Rule 120 proceeding that

involves the administrative process of authorizing and confirming a foreclosure sale.

Moreover, Rule 120 does not authorize the relief that Mr. Salas requests.  Rule 120

expressly provides that a court's order approving a sale is "without prejudice to the right

of any person aggrieved to seek injunctive or other relief in any court of competent

jurisdiction."  Rule 120(d); *United Guar. Residential Ins. Co. v. Vanderlann*, 819 P.2d

1103, 1105 (Colo. App. 1991).  Mr. Salas, therefore, cannot remove the Rule 120

proceeding to federal court.

Mr. Salas relies on 28 U.S.C. § 1332, or diversity jurisdiction, for removing their

claim.  It appears that the instant action is not removable based on diversity jurisdiction

because

> [a]ny civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or laws
> of the United States shall be removable without regard to the citizenship or
> residence of the parties.  Any other such action shall be removable only if
> none of the parties in interest properly joined and served as defendants is
> a citizen of the State in which such action is brought.

*See* 28 U.S.C. § 1441(b).  Mr. Salas alleges that he is a resident of the State of

Colorado and the instant action was filed originally in the Gunnison County District Court

in Gunnison, Colorado.  Therefore, it does not appear that the instant action may be

removed on the basis of diversity jurisdiction.

The Court also notes that Mr. Salas has not complied with 28 U.S.C. § 1446(a) in that he has not included with the Notice of Removal copies of all process, pleadings, and orders entered in the state action

Even if the Court were to consider Mr. Salas's claims based on federal question, or 28 U.S.C. § 1331, there still is no support for removal of this action.  In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."  *See Johnson*, 404 F.3d at 1247.

For these reasons, the Court finds that the notice of removal is procedurally and substantively deficient.  As a result, the instant action will be remanded summarily to the state court.  Accordingly, it is

ORDERED that this action is remanded summarily to the Gunnison County District Court in Gunnison, Colorado.  It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Gunnison County District Court, 200 East Virginia Avenue, Gunnison, CO 81230.  It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 2, filed on September 28, 2012, is denied as moot.

DATED at Denver, Colorado, this __2nd__ day of ____October_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court